1

Mark C. CLEWIS, Petitioner—
Appellant,

v.

E.K. MCDANIEL, Respondent—
Appellee.

No. 03–15064.
D.C. No. CV–00–00119–DWH/VPC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

Before LEAVY, HAWKINS, and
RAWLINSON, Circuit Judges.

MEMORANDUM**

Marc C. Clewis appeals the dismissal of
his petition for a writ of habeas corpus.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Following an attempted jail break, Clewis was convicted by a Nevada jury of attempted escape with a deadly weapon, battery with a deadly weapon, and damaging jail property. Clewis was found not guilty of attempted murder. Clewis's state petition for a writ of habeas corpus was denied. The Nevada Supreme Court dismissed Clewis's habeas appeal. Clewis files this appeal from the denial of his federal petition for a writ of habeas corpus.

We review a district court's denial of a petition for a writ of habeas corpus *de novo*. *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000). Under AEDPA,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

■ We agree with the district court that the state court ruling relating to ineffective assistance of counsel for failure to call Shane Morrow was not contrary to or an unreasonable application of clearly established federal law and was not an unreasonable determination of the facts in light of the evidence. The failure to call Sebastian Shortt did not constitute ineffective assistance of counsel as the testimony went to the attempted murder charge of which Clewis was acquitted.

Nevada trial counsel was not ineffective for failing to request accomplice instructions for witnesses Wilcox and Clements because neither were accomplices under Nevada Revised Statute § 175.291(2). Wilcox and Clements were not "liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice [was] given." N.R.S. § 175.291(2). State trial counsel was not ineffective for failing to request accomplice instructions and the state court did not violate due process by failing to give accomplice instructions. State appellate counsel was not ineffective for failing to raise this issue.

■ Clewis's right to due process was not violated by the Nevada trial court's failure to instruct the jury that Clewis had a post-arrest right to remain silent. The prosecutor's fleeting reference to Clewis's post-arrest silence did not have a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Although the prosecutor began to elicit a response about post-arrest silence, the prosecutor cut-off the testifying detective before the detective could finish answering the question. The prosecutor did not elaborate on the answer, never mentioned it before the jury, and made no argument about it. The state trial judge did not even notice the reference to post-arrest silence. The evidence against Clewis was very strong. Clewis admitted to attempting to escape and wrestling with the jail deputy. Two other state trial witnesses gave detailed accounts of Clewis's involvement.

■ Trial counsel was not ineffective for failing to request a mistrial or a cautionary instruction regarding post-arrest silence as counsel tactically chose not to highlight the detective's testimony. State appellate counsel was not ineffective for failing to raise this issue.

The district court correctly denied the petition for a writ of habeas corpus.
**AFFIRMED.**[1]

1. All pending motions are denied as moot.